## APPEAL FROM APPOINTMENT OF A RECEIVER.

[Circuit Court of Knox County.]

HERBERT F. WILLIAMS v. C. N. WYANT.

Decided, October 12, 1906.

*Final Order—Appointment of a Receiver Does not Determine Ultimate Rights, When—Error May Lie when Appeal will not—Statutes Governing Appeals and Proceedings in Error—Sections 5226, 6707, 6709 and 572—Jurisdiction—Costs.*

An order appointing a receiver, but going no further in the way of determining ultimate rights, is not such a final order as will give a court jurisdiction on appeal, even though regularly made and all the forms of law observed in perfecting the appeal.

By THE COURT.

This case was submitted to us on a motion to dismiss the appeal herein. The ground of the motion is that the order of the court of common please appointing the receiver, and the order appealed from herein is not such an order as can be reviewed by appeal in the circuit court, and because this court has no jurisdiction of such proceedings on appeal. It is contended on behalf of the plaintiff that an appeal will not lie from an order appointing a receiver in an action pending in the court of common pleas, where no other or different order is made in the case; that an order appointing a receiver alone is not such a final order as will give the court jurisdiction by appeal even though regularly made, and all the forms of law are observed in perfecting that appeal. An examination of the statutes governing appeals and proceedings in error is therefore necessary, for while

a party may be entitled to prosecute error from a final order affecting a substantial right of a party made in the case, yet an appeal may not be sustained even though error would lie. Section 5226, or so much thereof as is necessary for an understanding of this matter, is as follows:

"In addition to the cases and matters specifically provided for, an appeal may be taken to the circuit court by a party or other person directly affected from a *judgment or final order* in a civil action, rendered by the common pleas court." * * *
Section 6709:
"A judgment rendered, or *final order* made by any court of common pleas or a judge thereof, may be reversed, vacated or modified by the circuit court." * * *

Section 6707:

"An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding * * * is a final order which may be vacated, modified or reversed as provided in this title."

It will be observed that the definition of a final order under Section 5226 is different from a final order as defined by Sections 6707 and 6709. The latter by express provision of the statute being enlarged over the provisions of Section 5226. That this is the case, we beg to call attention to the case of *Railroad Co.* v. *Varnum,* 10 O. S., 622, the syllabus of which is as follows:

"An order appointing a receiver to receive the revenues, etc., of a railroad and bring the same into court, subject to its order, etc., and without any application of the funds except to certain costs accruing, is not a final order from which an *appeal* can be taken to the district court."

We now call attention to the case of *Railroad Company* v. *Sloane,* 31 O. S., page 1:

"Proceedings in relation to the appointment and removal of receivers are special proceedings under Section 512 of the code, and an order affecting a substantial right made in such proceeding is a final order within the meaning of said section."

And the court, on page 9, says:

"The claim of counsel for defendant in error that no order is final within the meaning of Section 572 of the code, and reviewable on error that is not appealable from the court of common pleas to the district court is without foundation.    Hence the case cited of *Railroad Company* v. *Varnum*, 10 O. S., 622, is not relevant to the question under consideration.    That case merely decides that an order appointing a receiver is not a final order from which an *appeal* can be taken to the district court."

And on page 10:

"If the order," in speaking about a final order which may be vacated, modified or reversed, "affects a substantial right and is made in a special proceeding, it is final within the meaning of the section and may be reviewed for errors of law appearing on the record."

But this, as we take it, is to review by a proceeding in error, and this is the question the court was discussing as is seen by page 8, where they proceed to say that the question before the court is whether the order so made is reviewable or not on *error*.

Again, the right to appeal is governed by express statute, and unless the statute expressly authorizes the appeal it will not lie.   See 48 O. S., 38; 66 O. S., 57.

Our courts in defining a final order have used this language:

"It is said that if it be admitted that an order is not appealable unless it is in its nature final, still the decision in question is such a final order, as it determines and disposes of the whole merits of a branch of the case which is separate and distinct from the other parts of the case."

And that is the definition given of a final order in *Teaff* v. *Hewitt*, 1 O. S., 511, at 520.   In the case of *Jay* v. *Squire*, 7 N. P., 345, it is decided:

"The action of the court or judge in granting a receivership, does not determine the ultimate rights of the parties, or even affect them, except so far as it preserves and retains control of the property to answer to the rights of the parties as they may be finally determined."

Our attention is called to the authority of Alderson on Receivers, at Section 90, but we think that this authority does not change the principle that underlies this matter, or is decisive of this motion.

Holding to these views, it is the judgment of this court that the motion of the plaintiff to dismiss this appeal should be granted. The motion is sustained and the appeal is dismissed, but as this holding of the court is to the effect that this court did not obtain jurisdiction in this matter by this appeal, no judgment for costs is rendered. Exceptions noted.

*Herrlinger & Southworth* and *Frank V. Owen*, for plaintiff in error.

*Waight & Moore*, for defendant in error.